UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES MINKLER | * | NO: |
| | * | |
| VERSUS | * | |
| | * | SECTION: |
| WATERMAN STEAMSHIP | * | |
| CORPORATION AND SEABULK | * | MAGISTRATE: |
| TOWING SERVICES, INC. | * | |

**************************************************************************

## SEAMAN'S COMPLAINT FOR DAMAGES

The Complaint of **JAMES MINKLER**, a person of the full age of majority with respect represents:

**I.**

Defendant, **WATERMAN STEAMSHIP CORPORATION** a foreign corporation doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

**II.**

Defendant, **SEABULK TOWING SERVICES, INC.** a foreign corporation doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs

of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

### III.

Jurisdiction of this Court is invoked under the Jones Act, Diversity and General Maritime Law.

### IV.

On or about February 1, 2020, **JAMES MINKLER** was employed by **WATERMAN STEAMSHIP CORPORATION** and/or **SEABULK TOWING SERVICES, INC.** as a Jones Act Seaman aboard the M/V OCEAN GIANT.

### V.

At all pertinent times hereto **WATERMAN STEAMSHIP CORPORATION** and/or **SEABULK TOWING SERVICES, INC.** owned, operated and/or controlled the M/V OCEAN GIANT which was at all pertinent times a vessel in navigation.

### VI.

On or about February 1, 2020, plaintiff **JAMES MINKLER** experienced serious injuries to his hand while assigned to the M/V OCEAN GIANT.

## VII.

On information and belief, plaintiff alleges that the sole and proximate cause of the above-described accident was the negligence of **WATERMAN STEAMSHIP CORPORATION** and/or **SEABULK TOWING SERVICES, INC.** in the following, non-exclusive respects:

a) Breach of a legally imposed duty of reasonable care owed by the Defendants to the plaintiff;

b) Failure to provide a reasonably safe place to work;

c) Failure to properly train and supervise plaintiff;

d) Failure to take any means or precautions for the safety of defendant's employees, including plaintiff;

e) Creation and maintenance of an unseaworthy vessel;

f) Failure to provide minimum safety requirements;

g) Failure to provide adequate equipment for the job in question;

h) Failure to provide adequate personnel for the job in question;

i) Other acts of negligence and unseaworthiness which will be shown at the trial of this matter.

## VIII.

As a direct result of the negligence of the defendants and the unseaworthiness of the vessels, plaintiff **JAMES MINKLER** is entitled to recover from the defendants reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

(1) Past, present and future physical, mental and emotional pain and suffering;

(2) Past, present and future loss of wages, fringe benefits and wage earning capacity;

(3) Past and future physical disability;

(4) Past, present and future medical expenses; and

(5) All other special and general damages as will be shown at the trial of this matter.

### IX.

Pursuant to the General Maritime Law of the United States of America, **WATERMAN STEAMSHIP CORPORATION** and/or **SEABULK TOWING SERVICES, INC.** had and continues to have the absolute and nondelegable duty to provide plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

### X.

As a result of the aforementioned accident, plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman.

### XI.

Therefore, the plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled. Plaintiff further alleges **WATERMAN STEAMSHIP CORPORATION** and/or **SEABULK TOWING SERVICES, INC.** failed to honor its maintenance and cure obligation, and the plaintiff is entitled to attorney=s fees, punitive

damages and an additional compensatory award for any acts of negligence on the part of the defendant which may have resulted in a deterioration of the plaintiff=s medical condition.

## XII.

Plaintiff specifically alleges a claim for punitive damages against the defendants herein based upon General Maritime Law.  This claim relates not only to any arbitrary and/or unreasonable failure of defendant to pay maintenance and cure benefits but also for any gross negligence of either defendant, or unseaworthiness of the vessel as may be allowed under General Maritime Law.

## XIII.

Plaintiff prays for a trial by jury on all issues raised herein.

**WHEREFORE,** plaintiff prays that **WATERMAN STEAMSHIP CORPORATION** and/or **SEABULK TOWING SERVICES, INC.** be duly cited to appear and answer this Complaint and after the legal delays and due proceedings had, there be Judgment herein in favor of the plaintiff, **JAMES MINKLER** and against the defendants, **WATERMAN STEAMSHIP CORPORATION** and/or **SEABULK TOWING SERVICES, INC.** for all damages to which the plaintiff is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

FURTHERMORE, plaintiff prays that defendant, **WATERMAN STEAMSHIP CORPORATION** and/or **SEABULK TOWING SERVICES, INC.** be cast in judgment for past, present and future adequate maintenance benefits as well as past, present and future

payment of any and all cure benefits to which plaintiff is entitled by law and penalties and additional damages if applicable.

      AND FOR ALL GENERAL AND EQUITABLE RELIEF.

                                Respectfully Submitted,

                                *S/Timothy J. Young*
                                TIMOTHY J. YOUNG (22677)
                                TAMMY D. HARRIS (29896)
                                MEGAN C. MISKO (29803)
                                JOSEPH B. MARINO, III (29966)
                                **THE YOUNG FIRM**
                                400 Poydras Street, Suite 2090
                                New Orleans, LA 70130
                                Telephone: (504) 680-4100
                                Facsimile: (504) 680-4101
                                TJY@theyoungfirm.com
                                TDH@theyoungfirm.com
                                MCM@theyoungfirm.com
                                JBM@theyoungfirm.com