UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES MINCKLER | * | NO: 20-1173 |
| | * | |
| VERSUS | * | |
| | * | SECTION: G |
| WATERMAN STEAMSHIP | * | JUDGE NANNETTE JOLIVETTE |
| | * | BROWN |
| CORPORATION, ET AL | * | JUDGE DONNA PHILLIPS CURRAULT |

*************************************************************************

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR PARTIAL NEW TRIAL**

NOW INTO COURT, through undersigned counsel, comes plaintiff, JAMES MINCKLER, who respectfully submits that this Honorable Court should order a new trial pursuant to Federal Rule of Civil Procedure 59(a) on a single discreet issue – Damages for Past, Present, and Future Physical Pain and Suffering.[1] To be clear, plaintiff submits that the Jury's Verdict is correct and fully supported by the evidence on all other aspects except for that single issue.

## I. Background

This lawsuit arises out of a personal injury suffered by the plaintiff on February 1, 2020, while he was employed by Seabulk Towing Services, Inc. and Waterman Steamship Corp. as a seaman.[2] Mr. Minckler suffered a very severe crushing injury to his left dominant when the M/V OCEAN GIANT, a large ocean-going cargo vessel owned and operated by his employers, lowered an 80,000-pound hatch cover on his hand. Mr.

---
[1] R. Doc. 55, Item 4(a) at p. 2.
[2] R. Doc. 50.

Minckler had joined the vessel on October 24, 2019 and was working as a Bosun. On the date of the accident, the vessel was delivering supplies to the U.S. Antarctic base at McMurdo Sound, Antarctica. The cargo holds had covers on them which could be opened and closed by a hydraulic system. The covers on the #2 cargo hold needed to be repositioned to allow more accessibility to the hold. During this repositioning, hatch leaf #6 had to be placed in its stowed position. While attempting to do this, the vessel crew was unable to properly seat the hatch cover. At the Chief Mate's direction, plaintiff was checking for any obstructions as to why the hatch cover was not lowering in place properly. It was later determined that the hatch cover was getting jammed on a small metal "container bridge", a piece of equipment that should never hand been allowed to fall into the tracks of the hatch cover (an unseaworthy condition, or negligent one at least). Defendants were well aware of the hydraulic system failure and knew at the time of this injury that the hydraulic system was incapable of suspending the hatch cover. Prior to the job the job safety analysis failed to identify the risk that the hatch would suddenly close if it was suspended. Once the job was underway, the Chief Mate failed to properly communicate with the plaintiff on what to do and not do given the Chief Mate's admitted knowledge of the faulty hydraulic system. Once the hatch was raised to identify what was preventing the hatch from setting properly, the Chief Mate then failed to place a block under the hatch to secure it in the up position, even though he admits he knew of the faulty hydraulic system. And finally, the unseaworthy hydraulic system failed thus closing the hatch on the dominant left hand of the Plaintiff.

  Mr. Minckler has endured multiple invasive, surgical procedures to attempt to treat

his hand.  Mr. Minckler was taken to the hospital at McMurdo Station for emergency treatment. Mr. Minckler was later transferred to Christchurch Hospital in New Zealand where he underwent additional treatment. Mr. Minckler has limited use of his dominant hand as it is now stuck in a claw like shape and he continues to endure pain in his hand. Dr. Darrell Henderson, an expert in plastic surgery with a specialty in hand surgery, testified that the plaintiff should have the last two fingers on his left hand 'resected' (amputated).  While this is a tragic surgery, it is required to remove the essentially useless digits which currently hinder any use of his left hand.

A jury trial in this matter was held March 14 through 15, 2022.  The jury rendered a verdict in favor of plaintiff.  With respect to general damages, the jury awarded $125,000.00 in past, present and future physical pain and suffering, $954,000 in past, present, and future emotional and mental suffering, $150,000 in past, present, and future physical disfigurement, and $150,000 in loss of enjoyment of life.[3] Judgment was entered in favor of plaintiff on March 16, 2022.[4]

Plaintiff submits that jury's verdict of $125,000 in past, present and future physical pain and suffering was against the great weight of the evidence and resulted in manifest injustice and entitles plaintiff to a new trial limited to that single issue:  past, present and future physical pain and suffering.

---

[3] R. Doc. 55.
[4] R. Doc. 59.

## II. Law and Argument

Rule 59(a) provides:

(a) In General.

(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.

The authority to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 101 S.Ct. 188 (1980). The rule does not delineate grounds for ordering a new trial, but states that "[a] new trial may be granted for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). A new trial may be ordered "if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612 (5th Cir.1985) (citations omitted).

In considering a Rule 59(a) motion based on evidentiary grounds, a court may weigh all the evidence in the record and need not view it in the light most favorable to the non-movant. *Id*. at 613. The court "respect the jury's collective wisdom and must not simply substitute its opinion for the jury's," but if a district judge is dissatisfied with the jury's verdict, she has both the right and also the duty to set aside the verdict and order a new trial. *Id*. However, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and

4

the burden of showing harmful error rests on the party seeking new trial." *Sibley v. Lemarie*, 184 F.3d 481, 487 (5th Cir.1999), cert. denied, 529 U.S. 1019 (2000). When all evidence is viewed in the light most favorable to the jury's verdict, the verdict must stand unless the evidence points so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary conclusion. *See Jones v. Wal–Mart Stores, Inc.*, 870 F.2d 982, 986–87 (5th Cir.1989) (internal citations omitted). "[A] motion for a new trial invokes the sound judicial discretion of the district judge." *Urti v. Transp. Commercial Corp.*, 479 F.2d 766, 768 (5th Cir.1973). "The term 'discretion' means a sound discretion in exercise with regard to what is right and in the interest of justice." *Whiteman v. Pitrie*, 1955, 220 F.2d 914 (5th Cir. 1955).

For example, in *Hall v. Texas & N. O. Ry. Co.*, 307 F.2d 875 (5th Cir.1962), a new trial was sought on a $24,000 award to a man who sustained injuries when he was standing on ladder of a railroad car when it collided with other cars on the track, and when he fell while attempting to board a moving freight car.  The plaintiff argued a new trial was warranted because the award was inadequate. The district court denied the motion and the Fifth Circuit affirmed, finding that the award was not inadequate where a significant question as to contributory negligence was raised, and where there was medical testimony that plaintiff's condition was the result of a bone disease and not result of the accident in question.

Here, unlike *Hall*, the jury did not find contributory negligence and there was no testimony that Mr. Minckler's physical pain and suffering were caused by something other than his severe crushing injury to his dominant hand.  Instead, in this case, the great weight

of the evidence at trial established that the magnitude of Mr. Minckler's past, present, and future physical pain and suffering vastly exceeds any justification of an award of $125,000 for that element of general damages.

     First, the photographs of Mr. Minckler's hand clearly show the magnitude of the pain he suffered in the accident, during the hospital stay, and during the several months following his return home.[5]  The evidence established that he spent twenty-eight (28) days in the hospital in New Zealand where he underwent five (5) surgical procedures, four (4) painful debridements where the doctors surgically removed dead tissue and one (1) surgery to repair and insert hardware into the bone.[6] He also endured severe swelling and was fitted with a wound vacuum during the hospital stay.  When he returned home, he continued to suffer significant physical pain at a scale of 5 out of 10.

> From: James Santos <jminckler23@yahoo.com>
> Sent: Tuesday, May 12, 2020 6:54 AM
> To: Dr. Eric Rivas <drrivas@futurecareinc.com>
> Subject: RE: James Minckler - Rehab Medicine Appointment Schedule
>
> Good evening Doc.. the pain is around 5 from tine to time... we have 3 positive case of Covid in our town..Still have no therapist yet.. thank you!
>
> Sent from Yahoo Mail on Android

[7]

Mr. Minckler also testified that for the past two years every time he hits something with his hand, he experiences pain in his left little finger and ring finger.  There was no evidence to contradict these facts.

---

[5] See Trial Exhibit 8, Photographs of Minckler's Hand.
[6] As of this writing, the certified trial transcript is not yet available.  Plaintiff intends to supplement this memorandum with trial transcript citations following receipt from the court reporter.
[7] See Trial Exhibit 10 at Bates Page 00008.

With respect to future pain and suffering, the jury gave damages for future medical expenses meaning the jury agreed that he had to have another surgery which would most likely would involve additional pain and suffering in his dominant hand in the future.

### III. Conclusion

For these reasons, the jury's verdict on "past, present, and future physical pain and suffering" was clearly inadequate and against the great weight of the evidence. While district courts should respect a "jury's collective wisdom and must not simply substitute its opinion for that of the jury, if a "trial judge is not satisfied with the verdict of jury, [s]he has right and duty to set verdict aside and order new trial." *Smith v. Transworld Drilling Co.*, 773 F.2d 610 (5th Cir. 1985). Accordingly, plaintiff respectfully requests this Honorable Court grant his Motion for Partial New Trial limited to Item 4(a) of the Jury Verdict Form.

Respectfully Submitted,

*/s/ Joseph B. Marino, III*
TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
MEGAN C. MISKO (29803)
JOSEPH B. MARINO, III (29966)
**THE YOUNG FIRM**
400 Poydras Street, Suite 2090
New Orleans, LA 70130
Telephone: (504) 680-4100
Facsimile (504) 680-4101
Attorneys for Plaintiff